IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| APRIL DIGIOIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No._____ |
| v. | ) | |
| | ) | |
| INDEPENDENCE PLUS, INC., an | ) | |
| Illinois corporation, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, APRIL DIGIOIA, by and through her attorney, ROBERT J. KARTHOLL, of the Law Offices of Robert J. Kartholl, and complaining of the Defendant, INDEPENDENCE PLUS, INC., an Illinois corporation ("Independence Plus") states unto this Honorable Court for her Complaint the following:

## JURISDICTION AND VENUE

1.  Count I of this Complaint arises under Title VII of the Civil Rights Act of 1964 which makes it unlawful for an employer "to discriminate against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's sex." (42 U.S.C. § 2000 e-2(a)(1);

2.  Count II of this Complaint arises under Pregnancy Discrimination Act of 1978 which provides as follows:

    "The terms "because of sex' or 'on the basis of sex' include but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 703(h) of this title shall be interpreted to permit otherwise".

3.     This Court has Jurisdiction over this matter pursuant to the aforementioned statutes and pursuant to 28 U.S.C. § 1367, subject matter jurisdiction and supplemental jurisdiction..

4.     This Court has venue pursuant to 28 U.S.C. § 1337 as all parties reside within the District and all events alleged occurred with the District.

## ADMINISTRATIVE PREREQUISITES

5.     On or about May 15, 2011, Plaintiff, April DiGioia filed a Charge of Discrimination with the Equal Employment Opportunity Commission charging the Defendant with discriminating against Plaintiff on the basis of sex discrimination (pregnancy). A copy of the Charge of Discrimination is attached here as Exhibit 1.

6.     Upon information and belief, Defendant received notice of the Charge of Discrimination.

7.     On January 31, 2012, the Equal Employment Opportunity Commission issued a Right to Sue letter, a copy of which is attached hereto as Exhibit 2 received by Plaintiff, Ms. DiGioia on or about February 2, 2012.

## PARTIES

8.     The Plaintiff, April DiGioia, is a resident of Franklin Park, Illinois and a citizen of the State of Illinois.

9.     Plaintiff, Ms. DiGioia applied for a Private Duty Nurse position with the Defendant

10.    The Plaintiff, April DiGioia was pregnant at the time she filed an application to work for Defendant, Independence Plus.

11.    The Defendant, Independence Plus, Inc., is an in-home health care service provider, organized under the laws of the State of Illinois having a principal place of business in Oak Brook, Illinois.

12.    At all relevant times, Defendant was an "employer" as defined by Title VII of the Civil Rights Act of 1964.

## FACTS IN COMMON TO ALL COUNTS

13. On or about February 2, 2011, Plaintiff, Ms. DiGioia made telephone application for employment with a Blake Weber, Health Care Recruiter and briefly described her qualifications.

14. After completing an initial telephone interview with Blake Weber, Plaintiff, April DiGioia was required to take a written examination on or about February 7, 2011.

15. On or before April 2, 2012, Mr. Weber also set a follow up interview for the purpose of continuing Ms. DiGioia's application for employment. This interview was scheduled to take place on February 9, 2011 at which time Plaintiff, April DiGioia was to meet with Ms. Elizabeth Guzman of the Human Resources Department.

16. On February 9, 2011, Plaintiff, Ms. DiGioia presented herself at the offices of Defendant for the purpose of continuing her employment application.

17. After a brief oral interview, Elizabeth Guzman advised Plaintiff, Ms. DiGioia that she seemed to be a perfect fit for a position as a Private Duty Nurse and would be hired.

18. Plaintiff, Ms. DiGioia is and was qualified at all times relevant to this Complaint to perform the duties of Private Duty Nurse.

19. Elizabeth also informed Ms. DiGioia that she had passed several parts of the written exam but did not successfully complete all required parts of the exam.

20. Elizabeth also stated that Plaintiff, Ms. DiGioia would be permitted to retake the exam again and again, if she needed, until she passed the written exam and that the exam was a formality which would not prohibit Plaintiff, April DiGioia's employment.

21. Later in this same interview, but before Plaintiff began the written employment test or continued her oral interview with Elizabeth, Plaintiff reported to Elizabeth that she was pregnant.

22. Elizabeth Guzman then excused herself and indicated she needed to confer with Pam (LNU), another Human Resource Executive.

23. Elizabeth then returned and advised Plaintiff, Ms. DiGioia that she could not continue the employment application and would not be permitted to retake the written exam because she was pregnant.

24. Plaintiff. Ms. DiGioia objected and stated that she wished to continue her employment application.

3

25. Elizabeth then stated there would be no purpose because the company would not hire her because she was pregnant.

26. Pam joined the interview at this time and stated she regretted the decision that Plaintiff could not be hired or continue the    interview, but that she had recently been reprimanded by a supervisor for accepting an application made by a pregnant woman.

## COUNT I
### Sex Discrimination

27. Plaintiff, Ms. DiGioia repeats, re-alleges and re-affirms paragraphs 1 through 26 as and for her paragraphs 1 through 26 of this Count I as if once again fully set forth herein.

28. Plaintiff, April Digioia was in a protected class, female, pregnant.

29. Plaintiff, April DiGioia was qualified for the open position at Defendant Independence Plus, Inc.

30. Defendant, Independence Plus, by and through its Human Resources personnel, namely Elizabeth Guzman and Pam (LNU), told Plaintiff, April DiGioia she was highly qualified for the position, that she could not hire Plaintiff, April DiGioia because she was pregnant.

31. As a result of Defendant's decision not to hire Plaintiff, April DiGioia because of her sex, Plaintiff suffered economic losses, mental anguish, pain and suffering and    other non-pecuniary losses.

32. The unlawful failure to hire practices complained of in this Count I were intentional acts on the part of the Defendant.

33. The unlawful hiring practices complained of in this Count I were done with malice or with reckless disregard and indifference to the federally protected rights of the Plaintiff under  the Title VII of the Civil Rights Act of 1964.

WHEREFORE, the Plaintiff, APRIL DIGIOIA, prays this Honorable Court will enter into judgment in her favor and against the Defendant, INDEPENDENCE PLUS, INC., including:

    a.    Compensatory damages;

    b.    Liquidated damages:

    c.    Punitive damages:

d.     Plaintiff's reasonable attorney's fees and costs;

e.     Any and all other remedies available under Title VII of the Civil Rights Act of 1964; and

f.     Such other and further relief as this Court deems just and equitable.

## COUNT II
## Violation of Pregnancy Discrimination Act

34.  Plaintiff, April DiGioia, repeats re-alleges and re-affirms paragraphs 1through 33 as and for her paragraphs 1 through 33 of this Count II as if once again fully set forth herein.

35.  As a result of Defendant's decision not to hire Plaintiff, April DiGioia because of her pregnancy, Plaintiff suffered economic losses, mental anguish, pain and suffering and other   non-pecuniary losses.

36.  The unlawful failure to hire practices complained of in this Count II were intentional acts on the part of the Defendant.

37.  The unlawful hiring practices complained of in this Count II were done with malice or with reckless disregard and indifference to the federally protected rights of the Plaintiff under   the Pregnancy Discrimination Act of 1978.

WHEREFORE, the Plaintiff, APRIL DIGIOIA, prays this Honorable Court will enter into judgment in her favor and against the Defendant, INDEPENDENCE PLUS, INC., including:

a.     Compensatory damages;

b.     Liquidated damages:

c.     Punitive damages;

d.     Plaintiff's reasonable attorney's fees and costs;

e.     Any and all other remedies available under Title VII of the Civil Rights Act of 1964; and

f.     Such other and further relief as this Court deems just and equitable.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all questions of fact.

        /s/Robert J. Kartholl
ROBERT J. KARTHOLL
One of the Attorneys for the Plaintiff

Robert J. Kartholl
Law Offices of Robert J. Kartholl
Nine East Irving Park Road
Roselle, Illinois 60172
630/924-0500
Federal Attorney No.:  1408011

6